## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JESUS DOMINGUEZ,

      Petitioner,

v.                                                  No. 22-cv-0942 MV-SCY

M. RIOS and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

      Respondents.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Jesus Dominguez's 28 U.S.C. § 2254 habeas

corpus petition. Doc. 1, supplemented by Doc. 4. Also before the Court are his Motions To

Proceed *In Forma Pauperis* and to Issue Decision. Docs. 2, 6. Dominguez challenges his state

rape convictions based on, inter alia, due process violations. Having reviewed the matter under

Habeas Corpus Rule 4, the Court will grant the Motions, in part, but require Dominguez to show

cause why his Petition should not be dismissed as untimely.

### I. Procedural Background[1]

In 2011, a jury convicted Dominguez of criminal sexual penetration with a deadly weapon

and kidnapping. *See* Doc. 1 at 1, 30-32. The state trial court initially construed the kidnapping

conviction as a first-degree crime. *See* Order on Motion to Reconsider, entered Nov. 8, 2016 in

D-905-CR-2010-876. The court verbally sentenced Dominguez to 27 years imprisonment. *Id.* The

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Dominguez's
state court criminal dockets, Case No. D-905-CR-2010-876, and S-1-SC-34600, and S-1-SC-
39496. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court
may take judicial notice of docket information from another court).

state trial court then reduced his sentence to 18 years imprisonment, finding the jury's verdict only supported a conviction for second-degree kidnapping. *Id.*; Amended Judgment entered February 20, 2012 in D-905-CR-2010-876. Both parties filed a direct appeal. The New Mexico Court of Appeals ("NMCA") affirmed Dominguez's convictions; reversed the sentence reduction; and remanded the matter to reinstate the conviction for first-degree kidnapping. *See State v. Dominguez*, 2014-NMCA-064, ¶ 1, 327 P.3d 1092. By an Order entered May 30, 2014, the New Mexico Supreme Court ("NMSC") denied certiorari relief. *See* Order Denying 12-502 Cert. Pet. in S-1-SC-34600. The state dockets reflect Dominguez did not file a certiorari petition with the United States Supreme Court. *See* Docket Sheets in D-905-CR-2010-876 and S-1-SC-34600.

The state trial court entered a Second Amended Judgment pursuant to the remand on January 8, 2015. *See* Second Amended Judgment in D-905-CR-2010-876. The Second Amended Judgment reinstates Dominguez's original sentence for 27 years imprisonment. *Id.* Dominguez filed a motion to reconsider his sentence about a week later. *See* Motion to Reconsider entered January 14, 2015 in D-905-CR-2010-876. By an Order entered November 8, 2016, the state trial court denied the motion. *See* Order in D-905-CR-2010-876. The docket reflects that Dominguez did not appeal that order. *See* Docket Sheet in D-905-CR-2010-876. The Second Amended Judgment therefore became final no later than December 9, 2016—i.e., the first day following expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of § 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order).

Over four years passed with no state court tolling activity. *See* Docket Sheet in D-905-CR-2010-876. On March 24, 2021, Dominguez filed the first of several state post-conviction motions requesting discovery and/or habeas relief. *See* Motion/Petition to Reopen in D-905-CR-2010-876. The state trial court denied that motion and also denied a habeas petition filed in December of 2021 and a motion to reconsider filed in February of 2022. *See* Orders entered April 19, 2021 (discovery), February 4, 2022 (habeas relief), and February 25, 2022 (reconsideration of the sentence) in D-905-CR-2010-876. The NMSC denied Dominguez's most recent petition for post-conviction certiorari relief on September 23, 2022. *See* Order Denying Petition in S-1-SC-39496.

Dominguez filed the federal § 2254 Petition on December 12, 2022. Doc. 1. He argues the NMSC violated his due process rights in the habeas proceeding; the state trial court abused its discretion; and the state courts committed cumulative error. Dominguez may also intend to raise his underlying state habeas claims in this proceeding as the Petition attaches various state habeas filings that contain substantive arguments. *See* Doc. 1 at 19-43. The Court will address Dominguez's pending procedural motions before screening the Petition under Habeas Corpus Rule 4.

## II. Procedural Motions

After submitting the Petition, Dominguez filed a Notice Expanding the Record (Doc. 4) ("Notice"); a Motion to Issue Decision (Doc. 6); and a Motion to Proceed *In Forma Pauperis* (Doc. 2). The Notice contains additional argument and exhibits regarding the state habeas proceeding. The Court construes the Notice as a supplement to the Petition (Doc. 1), but as discussed below, the merits of any time-barred § 2254 claims will not be considered.

Dominguez's Motion to Issue Decision (Doc. 6) will be granted, in part, and this ruling shall serve as the requested status update.

As to the Motion to Proceed *In Forma Pauperis* (Doc. 2), such relief is only available where the petitioner's "affidavit [and] . . . statement of . . . assets [demonstrates he] . . . is unable to pay" the $5.00 habeas filing fee. 28 U.S.C. § 1915(a)(1). Dominguez already paid the fee, and there is no authority permitting a refund. *See* Guide to Judiciary Policy, Vol. 4, Ch. 6, § 650.10 ("The Judicial Conference's current policy on refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case."); *In re Sony BMG Music Entm't*, 564 F.3d 1, 7 (1st Cir. 2009) (noting the Guide is persuasive authority because it codifies the policies promulgated by the Director of the Administrative Office and "approved by the Judicial Conference of the United States"). The Court will therefore deny the Motion, to the extent it relates to the filing fee. To the extent Dominguez seeks other benefits of *in forma pauperis* status, such as court-supplied service, the Motion will be granted.

### III.  Timeliness of the § 2254 Petition

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief . . . , the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a . . . habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing authority that "AEDPA's time bar and other affirmative

defenses . . . may be raised by a court *sua sponte*").

Section 2254 petitions must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)     while a state post-conviction petition is pending, § 2244(d)(2);

(2)     where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may be available "when an inmate diligently pursues his [or her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Dominguez's Second Amended Judgment became final no later than December 9, 2016, after he declined to appeal the 2016 order denying reconsideration. *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling activity during the next year. The limitation period thus appears to have expired no later than December 9, 2017, over five years before Dominguez filed this § 2254 proceeding.

Dominguez briefly addresses the time-bar in his Petition. He appears to argue the one-year limitation period was tolled through the conclusion of his most recent certiorari appeal with

the NMSC. *See* Doc. 1 at 41-42. Dominguez cites *Fisher v. Raemisch*, 762 F.3d 1030, 1035 (10th Cir. 2014) for support. *Fisher* holds that a state post-conviction motion remains pending—and tolls the federal limitation period—between the time the motion is filed in the trial court and the time the state supreme court denies certiorari relief. *See also* 28 U.S.C. § 2244(d)(2) (the time during which a properly filed state post-conviction proceeding is pending "shall not be counted toward any period of limitation under this subsection"). *Fisher* is not applicable here because Dominguez filed his state post-conviction motions after expiration of the one-year federal habeas period. Said differently, state post-conviction motions filed after December 9, 2017 cannot restart the one-year clock. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period").[2]

Dominguez may also argue that because his claims relate to defects in the state habeas proceeding, the recent orders denying state habeas relief trigger a new one-year period. *See* Doc. 1 at 41. But, "a constitutional defect in state post-conviction proceedings . . . [is] not cognizable on federal habeas review." *Ashton v. Whitten*, 2023 WL 2945862, at *3 (10th Cir. Apr. 14, 2023); *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional

---

[2] *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009) created one exception to this rule. *Jimenez* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. at 120-21. Dominguez never obtained state habeas relief, and his direct appeal period was never reopened.

error [petitioner] . . . raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). Dominguez is therefore only permitted to raise defects in connection with the Second Amended Judgment, and absent tolling, the one-year period is tied to the entry of that document.

Next, Dominguez appears to argue the one-year period should be extended because the circumstances surrounding his state habeas proceeding were extraordinary and beyond his control. *See* Doc. 1 at 42. The Court discerns Dominguez as seeking equitable tolling. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). But the state habeas proceedings took place in 2021 and 2022 and any defects in those proceedings do not demonstrate that Dominguez was unable to file his habeas petition before December 9, 2017, when the federal limitation period expired. Dominguez's initial allegations therefore fail to meet the standard for equitable tolling.

Dominguez finally cites the fundamental miscarriage of justice exception, which can overcome procedural barriers to habeas relief. *See* Doc. 1 at 42. The fundamental miscarriage of justice exception "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted); *see also Pacheco v. Habti*, 62 F.4th 1233, 1241 (10th Cir. 2023) (the "actual innocence exception" is "[a]lso known as the "miscarriage of justice exception"). "To qualify for the exception, the petitioner must show

7

that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new [reliable] evidence" such as scientific material or eyewitness accounts. *Pacheco*, 62 F.4th at 1241 (quotations omitted). The Petition does not contain any new, reliable evidence regarding Dominguez's criminal convictions.

In sum, Dominguez's § 2254 Petition appears time-barred, and the initial information on timeliness is insufficient to satisfy any standard for tolling. Dominguez must file a response within thirty (30) days of entry of this ruling showing cause why the Petition should not be dismissed as time-barred. The failure to timely respond and overcome the time-bar will result in dismissal of the habeas action without further notice.

**IT IS ORDERED** that Dominguez's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED IN PART.** The Court will not refund the $5.00 filing fee, but Dominguez is entitled to other benefits of *in forma pauperis* status, such as court-supplied service.

**IT IS FURTHER ORDERED** that Dominguez's Motion to Issue Decision (Doc. 6) is **GRANTED IN PART** and this Order shall serve as the requested status update.

**IT IS FINALLY ORDERED** that within thirty (30) days of entry of this Order, Dominguez must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as time-barred.

_____
UNITED STATES MAGISTRATE JUDGE