IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS DOMINGUEZ,

    Petitioner,

v.                                                                                     No. 22-cv-0942 MV-SCY

M. RIOS, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Jesus Dominguez's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1, supplemented by Doc. 4) (Petition). Petitioner challenges his 2011 state convictions based on, inter alia, due process violations. Respondent Attorney General for the State of New Mexico (the "State") moves to dismiss the Petition as time-barred. Having reviewed the state records, briefing, and applicable law, the Court concludes that Petitioner filed this proceeding more than five years after expiration of the habeas limitation period. The Court must therefore grant the State's request to dismiss the Petition.

### BACKGROUND

In 2011, a jury convicted Petitioner of criminal sexual penetration with a deadly weapon and kidnapping. *See* Doc. 1 at 1, 30-32 (citing Case No. D-905-CR-2010-876). The state trial court initially construed the kidnapping conviction as a first-degree crime. *See* Doc. 17-2 at 59-60. Petitioner was sentenced to 27 years imprisonment. *Id.* at 59. The state trial court then reduced its sentence to 18 years imprisonment, finding that the jury's verdict only supported a conviction for second-degree kidnapping. *Id.* at 60.

Both parties filed a direct appeal. The State challenged the sentence reduction and argued

that the verdict/evidence supported a first-degree kidnapping conviction. Petitioner challenged his convictions and sentence. The New Mexico Court of Appeals considered the consolidated appeal and affirmed Petitioner's convictions, reversed the sentence reduction, and remanded the matter to reinstate the conviction for first-degree kidnapping. *See State v. Dominguez,* 327 P.3d 1092, 1095 (N.M. App. 2014). By an Order entered May 30, 2014, the New Mexico Supreme Court denied certiorari relief. *See* Doc. 17-2 at 17. The state dockets reflect that Petitioner did not file a certiorari petition with the United States Supreme Court. *See* Docket Sheets in D-905-CR-2010-876 and S-1-SC-34600.

On January 8, 2015, the state trial court entered a Second Amended Judgment pursuant to the remand. *See* Doc. 17-2 at 42. The Second Amended Judgment reinstates Petitioner's original sentence for 27 years of imprisonment. *Id.* Petitioner filed a motion to reconsider his sentence about a week later. *Id.* at 45. By an Order entered November 8, 2016, the state trial court denied the motion. *Id.* at 59. The docket reflects that Petitioner did not appeal that order. *See* Docket Sheet in D-905-CR-2010-876. The Second Amended Judgment therefore became final no later than December 9, 2016 (*i.e.,* the first day following expiration of the 30-day state appeal period). *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of § 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA, Rule 12-201 (a notice of appeal must be filed within 30 days after entry of the adverse order).

Several years passed with no state tolling motions. On August 15, 2019, Benjamin E. Herrmann entered an appearance in the state trial court on Petitioner's behalf. *See* Doc. 17-2 at 63. Hermann did not submit other filings, and Petitioner terminated the relationship. On March 24, 2021, Petitioner filed the first of several state post-conviction motions requesting discovery

and/or habeas relief. *Id.* at 66. He also filed a formal state habeas petition on December 13, 2021. *Id.* at 72. The state trial court entered Orders denying Petitioner's post-conviction motion for discovery, the habeas petition, and a motion to reconsider filed in February of 2022. *Id.* at 129; *see also* Orders entered April 19, 2021 (discovery), February 4, 2022 (habeas relief), and February 25, 2022 (reconsideration of the sentence) in D-905-CR-2010-876. The New Mexico Supreme Court denied Petitioner's most recent petition for post-conviction certiorari relief on September 23, 2022. *See* Doc. 17-2 at 185.

Petitioner filed the federal § 2254 Petition on December 12, 2022. *See* Doc. 1. He argues that the New Mexico Supreme Court violated his due process rights in the state habeas proceeding, the state trial court abused its discretion in denying habeas relief, and the state courts committed cumulative error. Petitioner may also intend to raise his underlying state habeas claims in this proceeding; the Petition attaches various state habeas filings that contain substantive arguments. *See* Doc. 1 at 19-43.

By a ruling entered on June 2, 2023, the Court determined that the Petition was untimely by more than five years. *See* Doc. 7 (Screening Ruling). Petitioner was directed to show cause, if any, why the Petition should not be dismissed. Petitioner filed two Responses (Docs. 11 and 12), which argue that he needs additional copies of the state record to adequately respond. The Court therefore directed the State to file an Answer (Doc. 17) and provide the state court record, as it relates to the time bar. Petitioner filed a Reply (Doc. 18), and the matter is fully briefed.

## DISCUSSION

Section 2254 petitions must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion

3

of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state post-conviction petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The Second Amended Judgment here became final no later than December 9, 2016, after Petitioner declined to appeal the 2016 order denying reconsideration. *See Locke*, 237 F.3d at 1271-1273. There was no additional state court filing activity during the next year. Absent additional tolling, the limitation period expired no later than December 9, 2017, and this proceeding is time-barred.

The Court explained the above principles in its Screening Ruling, which set out the date of each state court filing along with the legal standards for statutory tolling and equitable tolling. *See* Doc. 7. Construed liberally, Petitioner's Responses (Docs. 11, 12) and Reply (Doc. 18) seek equitable tolling, statutory tolling, and tolling based a procedural default/miscarriage of justice. The State argues that no tolling is available, and the record confirms that the Petition must be dismissed. The Court will address each argument below.

**A. Equitable Tolling**

Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original). Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

(1) Prong One: Extraordinary Circumstances

Petitioner points to various circumstances that allegedly hindered his ability to file a habeas petition, including the inherent barriers for *pro se* prisoners, ineffective assistance by state counsel, and conduct by the state courts.

*(a) Pro Se Status as an Extraordinary Circumstance*

Petitioner initially argues that he is a *pro se* prisoner from Mexico, and that the federal habeas process is complex and difficult, even for attorneys. *See* Doc. 18 at 1-2. Petitioner spent many years trying to understand federal law using the limited resources available in prison. While

5

the Court is sympathetic to Petitioner's circumstances, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same). This is true even where English is a prisoner's second language. *See Yang*, 525 F.3d at 930 (noting that such circumstance does not constitute an extraordinary circumstance). Petitioner is therefore not entitled to equitable tolling based on his initial lack of knowledge about federal habeas rights.

*(b) Ineffective Assistance by State Counsel as an Extraordinary Circumstance*

The Tenth Circuit holds that "counsel's negligence is not generally a basis for equitable tolling." *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007). To obtain relief, the petitioner must demonstrate that an attorney's conduct constitutes "far more than … 'excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). For example, a "garden variety … miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id*. The Tenth Circuit explains that, in the federal habeas context, "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming*, 481 F.3d at 1255-56. On the other hand, equitable tolling is available based on "[p]articularly egregious" conduct that prevented a timely filing, such as failing to follow through

6

on "repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010).

Petitioner seeks to establish extraordinary circumstances based on alleged errors by three groups of state attorneys: (1) the attorneys who worked on his direct appeal and his 2016 resentencing; (2) the attorney he retained several years after entry of the final resentencing judgment; and (3) the Public Defenders who reviewed his 2021 state habeas petition and declined to represent Petitioner.

As to the first group, Petitioner argues that a conflict exists because the same attorneys worked on his trial and direct appeal. *See* Doc. 18 at 11. Petitioner also argues that his attorney should not have hand-delivered a certiorari petition to the New Mexico Supreme Court in 2014. *Id.* While these arguments may form the basis of a substantive habeas claim, they do not relate to Petitioner's inability to file a federal habeas petition. *See United States v. Tinsman,* 2022 WL 3208346, at *3 (10th Cir. Aug. 9, 2022) (the cited extraordinary circumstance must have "specifically prevented [petitioner] from filing his" petition).

Petitioner also argues that these attorneys failed to adequately apprise him of the progress on direct appeal and failed to provide a complete copy of the appellate filings. *See* Doc. 18 at 17; Doc. 12 at 9. Petitioner appears to argue that, as a result, he did not know that his direct appeal was complete in 2014, and for this reason, the one-year period did not start running until years later. The State's records controvert this argument. As the State points out, this is not a situation that involves a misdirected mailing from the appellate court. Petitioner attended the resentencing hearing with his attorney after the final mandate was issued. *See* Doc. 17-2 at 46. That hearing – called the "Mandate Resentencing" and "Mandate Hearing" – was rescheduled to ensure

7

Petitioner's attendance. *Id.*; *see also* Order to Transport entered November 14, 2016, in D-905-CR-2010-876. The Second Amended Judgment issued after the Mandate Hearing states that the trial court held a "hearing on the mandate issued by the Court of Appeals on June 16, 2014, and the Opinion filed February 17, 2014," and reiterates the instructions on remand. *See* Doc. 17-2 at 42. Moreover, Petitioner filed a counseled motion to reconsider the Mandate Resentencing in 2015, which acknowledged that Petitioner's direct appeal was consolidated with the State's direct appeal, argues that the appellate decision is final, and attaches a copy of the mandate. *Id.* at 45-48, 51.

Petitioner's instant tolling Response acknowledges that he "was resentenced on 12/17/2014 … on the formal opinion letter 2/17/2014 (affirm/reverse/remand)." Doc. 12 at 9. The Response also acknowledges his 2015 motion to reconsider the Mandate Resentencing but makes no other argument about that filing. *Id.* On this record, the Court cannot conclude that state counsel failed to notify Petitioner that his direct appeal was complete. Petitioner also has not shown that counsel's alleged failure to convey intermediate appellate documents prevented him from filing a federal petition between 2016 and 2022. To the extent that Petitioner subjectively believed that his appellate arguments remained pending after attending the Mandate Resentencing and after entry of the Resentencing Judgment, such misunderstanding cannot justify tolling under Tenth Circuit law. *See* Supra, Section (a); *Taylor*, 789 F. App'x at 677 (rejecting tolling based on "misapprehension of the law" or facts); *Kraus v. Heimgartner*, 681 F. App'x 679, 682 (10th Cir. 2017) (finding no extraordinary circumstances "based on a misunderstanding between" the petitioner and his attorney).

Construed liberally, Petitioner's Responses also appear to argue that his first group of attorneys failed to advise him about the federal limitation period. The Response states that

8

Petitioner's trial attorney should not have prioritized the 2015 motion to reconsider the resentencing judgment when Petitioner "only had five months to file a § 2254" petition. Doc. 12 at 9. As noted above, the one-year period had not started running at that time. The one-year period began on December 9, 2016, after the state trial court ruled on the motion to reconsider and such ruling became final. In any event, state attorneys are not required to provide advice on federal habeas relief, and the failure to give such advice is therefore not an extraordinary circumstance. *See Faircloth v. Raemisch,* 692 F. App'x 513, 523 (10th Cir. 2017) ("advice regarding AEDPA's statute of limitations" or lack thereof does not qualify as extraordinary circumstance); *Jones v. Romero*, 835 F. App'x 973, 978 (10th Cir. 2020) (declining to apply equitable tolling based on attorney's advice about the federal statute of limitations); *Reynolds v. Hines*, 55 F. App'x. 512, 513 (10th Cir. 2003) (same). Petitioner has therefore not established extraordinary circumstances with respect to the attorneys who represented him through 2016.

Petitioner also argues that extraordinary circumstances exist because his next attorney, Benjamin Hermann, failed to file a state habeas petition as directed. The State argues that Hermann's conduct does not impact the tolling analysis because it occurred after expiration of the federal limitation period. Having reviewed the evidence, the Court agrees. Petitioner retained Hermann in August of 2019, over two and a half years after the federal limitation period expired on December 9, 2017. *See* Doc. 18 at 21, 23 (noting that Petitioner first contacted Hermann between May and August of 2019 and retained Hermann in August of 2019); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (occurrences that take place after the expiration of the one-year period do not restart the clock or otherwise justify tolling). Even if Petitioner elected to contact Hermann earlier, the alleged failure of counsel with respect to a "*state* petition provides no

9

excuse for [petitioner's] failure to meet the deadline for filing his *federal* habeas petition." *Kraus v. Heimgartner*, 681 F. App'x 679, 683 (10th Cir. 2017) (emphasis in original). Tolling is therefore unavailable based on Hermann's performance.

Petitioner finally argues that extraordinary circumstances exist based on the conduct of the State Public Defender's Office in 2021. That office conducted a pre-appointment review of Petitioner's *pro se* state habeas petition and declined to pursue an order appointing counsel. *See* Doc. 12 at 7. As noted above, these circumstances occurred after expiration of the federal limitation period and did not prevent Petitioner from filing a federal case. Petitioner therefore cannot demonstrate extraordinary circumstances based on the conduct of any attorney.

### (c) State Court Actions as an Extraordinary Circumstance

In his initial Responses on timeliness, Petitioner argues the state courts failed to grant his requests for discovery/documents and that such failure prevented him from addressing the time-bar in this case. *See* Doc. 11 at 1; Doc. 12 at 13. The Court required the State to file an Answer and provide the relevant state court records to Petitioner. *See* Docs. 13, 17. Petitioner's Reply brief continues to argue that the state courts refused to provide documents. *See* Doc. 18 at 4. The Court therefore will assume that Petitioner raises the state court discovery rulings/responses as a basis for tolling, rather than just a basis to require additional briefing in this case.

As the State points out, there is no record that Petitioner requested documents during the pendency of the federal limitation period (*i.e.,* between December 9, 2016, and December 9, 2017). Petitioner filed his first motion for discovery on August 15, 2019, and his second motion in 2021. *See* Doc. 17-2 at 63. Petitioner has alternatively not explained what documents, if any, he needed in order to file the federal petition. or when/how he received enough documents to proceed. For

all these reasons, the state courts' discovery rulings and/or alleged failure to grant document requests in 2019, 2021, and 2023 do not constitute an extraordinary circumstance that prevented a timely 28 U.S.C. § 2254 filing. *See Kenneth v. Martinez*, 771 F. App'x 862, 865 (10th Cir. 2019) ("[T]his court has repeatedly rejected the argument that difficulty in obtaining trial records constitutes 'extraordinary circumstances' justifying equitable tolling"); *Bhutto v. Wilson*, 669 F. App'x 501, 503 (10th Cir. 2016) ("The failure to receive trial transcripts and certain other court documents to canvas the record for possible error does not constitute 'extraordinary circumstances' that would entitle [a petitioner] to equitable tolling."); *United States v. Denny*, 694 F.3d 1185, 1189, 1191-92 (10th Cir. 2012) (same).

*(d) Underlying Constitutional Violations as an Extraordinary Circumstance*

Petitioner's Reply also attempts to establish extraordinary circumstances by noting various constitutional violations that tainted his underlying convictions. *See* Doc. 18 at 10-12 (citing *Brady* violations, evidentiary errors, and ineffective assistance during trial, direct appeal, and in connection with the state habeas process). Arguments regarding the convictions go to the merits of Petitioner's habeas claims. They do not impact the analysis on equitable tolling. *See United States v. Greer,* 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of [the habeas statute]. … The first of these barriers is timeliness.").

For each reason above, Petitioner has not satisfied the first prong of the equitable tolling test.

(2) Prong Two: Due Diligence

The State alternatively argues that, even if Petitioner could establish extraordinary

11

circumstances, he cannot show due diligence. In response, Petitioner asks the Court to limit its inquiry to whether he was diligent after filing this federal case. *See* Doc. 18 at 13 ("I ask this Court to review what I have done just within the time I have been in this jurisdiction and just how diligent my conduct has been."). Petitioner explains that he did not understand the habeas process until after the limitation period expired but worked hard to pursue his rights when he learned about post-conviction relief. *Id.* (addressing the State's argument that Petitioner did not pursue his rights starting in 2016 and noting that he "didn't know those processes back then").

Unfortunately, the Tenth Circuit holds that equitable relief is only available when an inmate diligently pursues his federal claims *throughout* the tolling period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (due diligence only exists when a "prisoner actively pursues judicial remedies … during the statutory period"); *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (a habeas petitioner must show both extraordinary circumstances and that he "diligently pursue[d] his federal claims while those circumstances existed"); *Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (inmate who encounters extraordinary circumstances must still show that "he was pursuing his rights diligently throughout the one-year window"); *See Yang,* 525 F.3d at 928 (a habeas petitioner must show that he diligently pursued his federal claims while any extraordinary circumstances existed).

Petitioner also cites to several specific efforts to pursue his rights. Petitioner contacted an attorney in 2019, requested state records on March 2, 2021, and continued filing post-conviction motions in state court between 2021 and 2023. *See* Doc. 12 at 16-17; Doc. 1 at 21. Petitioner also provides mail logs, which show several outgoing letters in 2023. *See* Doc. 12 at 25. These facts cannot be used to satisfy the due diligence requirement, for the same reasons as above.

Petitioner did not take these steps until after the expiration of the one-year limitation period, and there are multiple-year gaps in activity. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) ("[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims."); *Stovall v. Chaptelain*, 660 F. App'x 674, 677 (10th Cir. 2016) (petitioner who was in lockdown for ten years not entitled to tolling because he did not "allege with specificity the facts he took to diligently pursue his federal claims" during that ten-year period). There are also no allegations that Petitioner worked on his federal petition before 2022, even if he was taking steps to litigate his ongoing state cases. *See Williamson v. Wyoming Dep't of Corr. Wyoming State Penitentiary Warden*, 2025 WL 209880, at *7 (10th Cir. Jan. 16, 2025) (finding no due diligence where petitioner "does not cite, and we have not found, any allegation in his petition regarding actions he took to pursue his" federal rights).

Finally, to the extent that Petitioner argues that the due diligence requirement does not apply based on his subjective misunderstanding of the 2014 state mandate, such argument fails. The record shows that Petitioner received contemporaneous notice of the mandate, even if he misconstrued its meaning. And in any event, the due diligence requirement applies separate and apart from the existence of extraordinary circumstances. *See Phares v. Jones,* 470 F. App'x 718, 719 (10th Cir. 2012) (combination of head injury, administrative segregation, and lockdown not sufficient to warrant equitable tolling where the petitioner offered "no evidence or allegation that he took action on his [Section 2254] petition" before the limitations period expired).

For each alternative reason above, the Response fails to satisfy the equitable tolling test.

### B. Statutory Tolling

Construed liberally, Petitioner's Responses also seek statutory tolling under 28 U.S.C. § 2244(d)(1)(B) (unconstitutional state impediment to filing), 28 U.S.C. § 2244(d)(1)(D) (belated discovery of facts), and 28 U.S.C. § 2244(d)(2) (tolling during the pendency of a state habeas proceeding).

To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] … impeded his ability to file a federal habeas petition." *Weibley v. Kaiser*, 2002 WL 31478974, *3 (10th Cir. 2002). Petitioner's arguments for tolling under § 2244(d)(1)(B) – that his attorneys were ineffective, and the state courts denied certain discovery requests – fail for the same reasons above. Actions by defense counsel, including a public defender, "cannot properly be … attributable" to the state for purposes of § 2244(d)(1)(B). *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011). The State's records also confirm that Petitioner did not request records from any state court until 2019, several years after the one-year limitation period expired. Although Petitioner did not initially know about the federal limitation period, he cannot show that the state actually prevented him from filing a timely 28 U.S.C. § 2254 petition. *See Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) ("We have further held the state-created impediment must have actually prevented the inmate from filing his application.").

The next section addressing tolling, § 2244(d)(1)(D), governs the belated discovery of facts. Under certain circumstances, the limitation period runs from "the date on which the factual predicate of the [federal habeas] claim … could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The due-diligence requirement uses an objective standard. *See Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014). Courts must consider

14

when a reasonably diligent petitioner could have discovered the factual predicate of the claim, rather than when the movant actually discovered the facts. *Id.*

The habeas claims in this matter primarily relate to defects in the state post-conviction proceedings. *See* Doc. 1 at 29. Petitioner may also argue that there was insufficient evidence to support his convictions and that his trial and appellate counsel were ineffective. *Id.*; *see also* Doc. 4. As discussed above, the record and Responses show that Petitioner did not take action to investigate his claims until the summer of 2019. It is also unclear what facts, if any, he discovered for use in his Petition and when he discovered those facts. The Responses/Reply therefore fail to show that the facts were not discoverable in 2016 and 2017 with reasonable diligence or that Petitioner had insufficient facts to file a claim. Tolling is unavailable under § 2244(d)(1)(D).

Petitioner also cites § 2244(d)(2), which governs tolling during the pendency of state habeas proceedings. He argues that the one-year limitation period was tolled through the conclusion of his most recent certiorari appeal with the New Mexico Supreme Court (*i.e.,* through 2022). *See* Doc. 1 at 41-42. Petitioner cites *Fisher v. Raemisch*, 762 F.3d 1030, 1035 (10th Cir. 2014) for support. *Fisher* holds that a state post-conviction motion remains pending – and tolls the federal limitation period – between the time the motion is filed in the trial court and the time the state supreme court denies certiorari relief. 762 F.3d at 1035; *see also* 28 U.S.C. § 2244(d)(2) (The time during which a properly filed state post-conviction proceeding is pending "shall not be counted toward any period of limitation under this subsection"). However, state post-conviction motions filed after expiration of the federal limitation period (*i.e.,* after December 9, 2017) cannot restart the one-year clock. *See Gunderson v. Abbott,* 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations

period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period").[1]  Petitioner is therefore not eligible for statutory tolling.

### C. "Cause and Prejudice" Standard to Overcome a Procedural Default

Petitioner argues that, even if the Petition is time-barred and tolling does not apply, he can establish "cause and prejudice" to overcome the procedural default.  *See* Doc. 1 at 41; Doc. 12 at 14.  A procedural default occurs when the state court has rejected a habeas claim based on a state procedural rule, rather than on the merits.  *See Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023).  The cause-and-prejudice standard is generally only applicable where federal habeas claims are procedurally defaulted, *i.e.,* where the claim was dismissed (or will be subject to dismissal) based on the failure to comply with a state rule.  *See Waliallah v. Meyer,* 2023 WL 6141137, at *2 (10th Cir. Sept. 20, 2023) (describing a situation where petitioner "would be procedurally barred from exhausting [a Section 2254 claim] in state court and cannot demonstrate cause and prejudice to excuse the procedural default").

The Court is not relying on a state procedural rule to dismiss the Petition.  Rather, the Court is applying the federal statute of limitations to this case.  The federal time-bar therefore cannot be overcome by satisfying the "cause and prejudice" standard applicable to a procedural default.  *See United States v. Robinson*, 762 F. App'x 571, 576 (10th Cir. 2019) (courts "have uniformly rejected

---

[1] *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009) created one exception to this rule.  *Jimenez* holds that a state habeas order granting an out of time direct appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."  555 U.S. at 120-21.  Petitioner never obtained state habeas relief.  And, while the state appellate courts expanded the time for filing a habeas appeal in 2022, *see* Doc. 17 at 146, the direct appeal period was never reopened.

16

the proposition that … [a] procedural-default exception pertains to a petition's timeliness").

### D. Actual Innocence Exception

Finally, Petitioner asks the Court to overlook the time-bar under the exception for a fundamental miscarriage of justice. "This exception … is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (internal quotations omitted). *See also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" if his § 2254 petition would otherwise be barred by the "expiration of the statute of limitations"). To take advantage of the exception, a habeas petitioner must "'persuade[] the district court that, in light of … new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 F. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin*, 569 U.S. at 386). The "new reliable evidence" must be similar to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (quotations omitted).

Here, a jury convicted Petitioner of kidnapping and criminal sexual penetration. Petitioner proffers the following arguments to invoke the actual innocence exception:

(a) He is from Mexico, the jury did not contain any individuals from his country, and no reasonable Mexican juror would have voted to convict. *See* Doc. 12 at 15; Doc. 18 at 12.

(b) No gun was ever produced to substantiate the victim's testimony that she was kidnapped at gunpoint. *See* Doc. 1 at 29; Doc. 18 at 15.

(c) The victim was married to another man at 14 years old, and her husband was not charged

17

with a crime. *See* Doc. 18 at 15.

At most, Petitioner's arguments relate to legal defects in the state trial. They do not show that Petitioner is factually innocent of the crimes. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency"). As the State points out, the arguments are also not conclusive enough to overcome the evidence at trial. The victim testified at trial that a stranger gained access to her home, held her at gunpoint, and raped her. *See* Doc. 17-1 at 8-9. Petitioner testified that the encounter was consensual, and the jury believed the victim. *Id.* at 28. Because Petitioner has not submitted any reliable, exculpatory evidence, he has not shown that his conviction resulted in a fundamental miscarriage of justice. *See McDaniel v. Cody*, 104 F.3d 367 (10th Cir. 1996) (rejecting actual innocence claim based on petitioner's "own affidavit" regarding witness statements).

### E. Conclusion & Certificate of Appealability

In sum, the State's Answer demonstrates that the Petition is time-barred by over five years. The one-year limitation period expired no later than December 9, 2017, and Petitioner did not file his § 2254 Petition until December 12, 2022. The Court also concludes that Petitioner's tolling briefs (Doc. 11, 12, 18) fail to show an entitlement to equitable tolling, statutory tolling, or the actual-innocence exception. The Court will grant the State's request to dismiss the Petition (Doc. 1) with prejudice. The Court will also deny a certificate of appealability ("COA") under Habeas Corpus Rule 11. For all the reasons above, the time-bar is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). The Court will finally grant Petitioner's Motion for a Copy of the Case Docket and a Status Update (Doc. 19), to

the extent that he seeks a copy of the docket sheet. To the extent that this Motion seeks information on whether Petitioner will be removed from the United States after his release from prison, no relief is available in this proceeding. Petitioner should contact an immigration attorney/resource center or, if an illegal removal proceeding is initiated, file a 28 U.S.C. § 2241 habeas petition in this Court.

**IT IS ORDERED** that Petitioner Jesus Dominguez's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**, supplemented by **Doc. 4**) is **DISMISSED** with prejudice as time-barred, a certificate of appealability is **DENIED**, and the Court will enter a judgment closing the civil habeas case.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Copy of the Case Docket and a Status Update (**Doc. 19**) is **GRANTED, in part**, as set forth above, and the Clerk's Office shall **MAIL** him a copy of the docket sheet along with this ruling.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE